UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE GARY S. KATZMAN, JUDGE
          THE HONORABLE TMOTHY M. REIF, JUDGE
          THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| POPSOCKETS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES, U.S. CUSTOMS AND BORDER PROTECTION, and RODNEY S. SCOTT, in his official capacity as Commissioner Of U.S. Customs and Border Protection<br><br>*Defendant.* | Court No. 25-00379 |

## JOINT STIPULATION

Defendants, the United States, *et al.,* and plaintiff, PopSockets, LLC*,* respectfully notify the Court that the parties stipulate as follows:

1.  President Donald John Trump invoked the International Emergency Economic Powers Act of 1977, 50 U.S.C. § 1701 *et seq.*, to impose tariffs on most imported merchandise (the "IEEPA duties"). Plaintiff argues that, if it is to ultimately prevail on the merits, the Court has the power to enter an order directing defendants to reliquidate entries with refunds of IEEPA duties.

2.  Defendants stipulate that they will not oppose the Court's authority to order reliquidation of entries of merchandise subject to the challenged IEEPA duties and that they will refund any IEEPA duties found to have been unlawfully collected, after a final and unappealable decision has been issued finding the duties to have been unlawfully collected and ordering defendants to refund the duties. Defendants stipulate to this, even though they disagree with

1

plaintiff regarding the merits and appropriateness of granting injunctive relief.

3. The parties understand that the term "IEEPA duties" refers to all entries for which plaintiff was the importer of record and that are subject to the duties imposed by the executive actions plaintiff challenges in its complaint or any amendment thereto. The parties understand that defendants will only refund IEEPA duties collected pursuant to the executive actions that are found to be unlawful.

4. The proposed approach ensures that the plaintiff may obtain judicial relief in the event that the IEEPA duties are found to be unlawful in a final and unappealable decision, while at the same time adopting a more streamlined and administrable procedure.

5. Nothing in this stipulation precludes plaintiff from seeking any additional relief.

Respectfully submitted,

| | |
|---|---|
| /s/ Jason M. Kenner<br>Jason M. Kenner<br>**SANDLER, TRAVIS & ROSENBERG, P.A.**<br>286 Madison Avenue, Suite 1200<br>New York, New York 10017<br>(212) 549-0137<br>jkenner@strtrade.com<br><br>*Attorneys for Plaintiff* | BRETT A. SHUMATE<br>Assistant Attorney General<br><br>PATRICIA M. McCARTHY<br>Director<br><br>/s/ Claudia Burke<br>CLAUDIA BURKE<br>Deputy Director<br><br>/s/ Justin R. Miller<br>JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office<br><br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>PO Box 480, Ben Franklin Station<br>Washington, DC 20044<br><br>*Attorneys for Defendants* |

December 12, 2025